IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENA M. FERCZAK,<br><br> Plaintiff,<br><br>vs.<br><br>WOODRUFF FAMILY SERVICES, LLP,<br><br> Defendant | )<br>)<br>)<br>)<br>) Civil Action No. 01-1898<br>)<br>)<br>) |

## MEMORANDUM ORDER

 The Court has received Plaintiff's motion for a back pay award (Doc. 73) and Defendant's brief in opposition. Her claim that she was dismissed from her position as a funeral director with Defendant Woodruff Family Services, LLP because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003-2(a)(1), was tried to a jury. On December 19, 2006, the jury returned a verdict for the Plaintiff on this claim. The jury found that she was dismissed because of her sex, and that the Defendant acted with malice or reckless indifference to her federally-protected rights. The determination of back pay was reserved for the Court.

 Ferczak seeks back pay for the time period between December 11, 2000, when she was discharged, and February 7, 2002, when Defendant made her an unconditional offer of re-employment and she accepted. She seeks an award of $28,461.98.

 In line with Title VII's goal of making a victim of employment discrimination whole, there is a presumption that a victim is entitled to back pay. *Albemarle Paper Co. v. Moody*, 422 U.S, 405, 421 (1975). Failure to mitigate damages is an affirmative defense to this award. A defendant employer may succeed on this defense by establishing that Plaintiff failed to accept substantially equivalent employment. *Anastasio v. Schering Corp.*, 838 F.2d 701, 708 (3d Cir. 1988).

 In this case, Defendant argues that Ferczak failed to mitigate her damages by

refusing to accept the position in pre-need sales Defendant offered when it dismissed her from her position as a funeral director, and when she turned down a position as a telephone solicitor. However, we have no difficulty concluding that these positions did not offer Plaintiff employment that was "substantially equivalent" to the position of funeral director. The licensing requirements as well as the major duties of the positions are not substantially equivalent.

AND NOW, to-wit, this ____29th____ day of January, 2007, for the reasons set forth above, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff Dena Ferczak be and hereby is awarded back pay in the amount of $28,461.98.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge