**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENA M. FERCZAK,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Civil Action No. 01-1898** |
| **WOODRUFF FAMILY SERVICES, LLP,** | ) | |
| **Defendant** | ) | |

## MEMORANDUM OPINION

COHILL, D.J.

Before the Court is Plaintiff's motion for an award of attorneys' fees and costs as the prevailing party in this litigation (Doc. 79 ). Defendant has filed a response objecting to the fee petition, to which the Plaintiff has replied. For the reasons set forth below, Plaintiff's motion will be granted, and attorneys' fees and costs in the amount of $127,627.28 will be awarded to the Plaintiff.

## I. Background

Plaintiff's counsel, Samuel J. Cordes, originally filed this civil rights action in 2001on behalf of two plaintiffs, Lori Colussi and Dena Ferczak, who were the only two female funeral directors employed by defendant Woodruff Family Services ("Woodruff"). The complaint alleged that the Plaintiffs were fired from their positions as funeral directors because of their gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). This Court granted summary judgment in favor of the employer, and dismissed the complaint. The Court of Appeals for the Third Circuit affirmed the grant of summary judgment as to Colussi, but reversed and remanded as to Ferczak.

Ferczak's claim was tried to a jury in a week-long trial. On December 19, 2006, the jury returned a verdict against Woodruff, finding it liable for gender discrimination in violation of Title VII and making a specific finding that it had discriminated against

Ferczak with malice or reckless indifference. The jury did not award punitive or compensatory damages. Front pay was not an issue because Defendant made an unconditional offer of reinstatement. Back pay was reserved for the Court, and, on Plaintiff's motion, the Court subsequently entered an award of back pay in the amount of $ 28,461.98 along with prejudgment interest. Defendant's multiple motions to alter or amend the judgment, motions for judgment as a matter of law, and motions for a new trial were denied. Plaintiff has now petitioned for attorneys' fees and costs.

## II. Applicable Legal Standard

For purposes of attorneys' fees, a plaintiff is considered a prevailing party if she succeeds on any significant issue which achieves some of the benefit sought in bringing suit. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). When a plaintiff prevails on the central issue in the lawsuit, the attorney should recover a fully compensatory fee. *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

"The party seeking attorneys' fees has the burden to prove that its request for attorneys' fees is reasonable. To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" *Rode v. Dellarciprete*, 893 F.2d 1177, 1183 (3d Cir. 1990) (quoting *Hensley*, 461 U.S. at 433). "The burden then shifts to the opposing party to challenge, by affidavit or brief with sufficient specificity to give fee applicants notice, the reasonableness of the requested fee." *Rode*, 893 F.2d at 1183.

In determining an award of attorneys' fees we use the "lodestar" formula, which requires that we multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate, plus reasonable expenses. *Hensley*, 461 U.S. at 433; *Loughner v. University of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001). The lodestar is "strongly presumed to yield a reasonable fee." *Washington v. Philadelphia Co. Ct. of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). We must articulate the basis for any fee

award. *Pennsylvania Environ. Def. v. Canon-McMillan*, 152 F.3d 228, 232 (3d Cir. 1998).

**III. Plaintiff's Fee Petition**

Plaintiff has petitioned for $132,313.50 in attorneys' fees, and has provided supporting affidavits and billing statements. Defendant submits that the attorneys' fees are unreasonable and should be reduced to $19,528.28.

Our starting point in determining the appropriate hourly rate for the lodestar calculation is the attorney's usual billing rate. *Pennsylvania Environ. Def.*, 152 F.3d at 231, (citing *Public Interest Research Group of N.J., Inc. v Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995)). The second component of the lodestar determination is calculating the time reasonably expended on the litigation. We will address these elements in turn.

**Hourly Billing Rate**

Plaintiff requests an hourly billing rate of $350.00 for attorney Samuel J. Cordes; $175.00 for attorney John E. Black, III; $175.00 for attorney Mary Roman; $100.00 per hour for attorney Tiffany Waskowicz; and $80.00 per hour for paralegal Lea Anne McCabe-Ferita.

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).

We find the rates requested in the petition to be reasonable. We note that Defendant does not challenge the hourly rates for Black, Roman, Waskowicz or McCabe-Ferita. We find that the hourly associate attorney billing rate of $175.00 and $100.00 per hour, and the paralegal rate of $80 per hour, are properly supported by affidavits and are within the range of currently prevailing market rates in this community for comparable legal services.

Defendant does object to applying a billing rate of $350.00 to Cordes' hours

before 2006, arguing that a historic billing rate is more appropriate, but we do not agree. Attorneys fees under federal fee shifting statutes are properly based on market rates. *Missouri v. Jenkins* 491 U.S. 274, 283-84 (1989). Indeed, the Third Circuit has rejected Defendant's position, and held that current market rate at the time of the fee petition is the appropriate rate for the court to use. *Lanni v. New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001). As the Court of Appeals has explained:

> A current market rate is exactly that – a reasonable rate based on the currently prevailing rates in the community for comparable legal services. It is not a graduated schedule of past rates.

*Id.* at 150.

To support the reasonableness of his hourly rate, Cordes has submitted affidavits from other local attorneys, representation agreements with other clients, and proof that another judge in this jurisdiction awarded him fees at an hourly rate of $350.00 per hour in 2006 for work performed in 2005. (Pl.'s Reply Br. at 14; *Kreger*, 2006 WL 1158340 (W.D. Pa. April 28, 2006) (Schwab, D.J.). Cordes is an experienced and respected litigator, and we find that his standard hourly rate of $350.00 per hour is representative of the present prevailing market rate in this community for federal litigation by attorneys of his caliber. We are satisfied that his is a reasonable rate.

Moreover, we specifically reject Defendant's argument that we should reduce Cordes' fees because he "conducted legal research, prepared notices of appeal and filed briefs on the case" which Defendant characterizes as tasks "typically delegated to a less expensive attorney." (Def.'s Br. at 5-8). Defendant objects to compensating Cordes at his usual rate for, *inter alia*, researching and preparing briefs, jury instructions, and pleadings, reading Court orders and other documents which are now obtained by email through the electronic filing system, and researching and responding to motions in limine and issues on appeal.

We agree with the Plaintiff that many of the activities objected to are the essence

of legal reasoning and analysis, and that Ferczak was entitled to have her lead counsel involved in every aspect of her case. Moreover, Plaintff correctly points out that her attorney must read everything that is filed in the case, whether it be from this Court, opposing counsel, or the Court of Appeals. Cordes has not billed an excessive number of hours for carefully preparing and staying up-to-date with Ferczak's case, and reducing either his hours or his fees on this basis is unnecessary.

In determining the lodestar, then, Cordes' fees will be calculated at $350.00. Attorneys John E. Black, III and Mary Roman will be compensated at a rate of $175.00 per hour. Attorney Tiffany Waskowicz will receive fees at a rate of $100.00 per hour; and paralegal Lea Anne McCabe-Ferita will receive fees at the hourly rate of $80.00.

**Number of Hours Worked**

The second component of the lodestar determination is calculating the time reasonably expended on the litigation. We are required to "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pennsylvania Env. Def.*, 152 F.3d at 232 (quoting *Windall*, 51 F.3d at 1188). We are directed to "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed." *Loughner*, 260 F.3d at 178. Counsel's billing records should "identify the general subject matter of his time expenditures" and "enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437, n. 12. Where a plaintiff succeeds on some claims but not on others, the district court should not award counsel fees for time "that would not have been spent had the unsuccessful claims not been pursued." *Lanni*, 259 F.3d at 151 (citing *Hensley*, 461 U.S. at 433-35). However, we must keep in mind that the key factor in any fee reductions is unsuccessful claims, and not unsuccessful

remedies. *Hensley*, 461 U.S. at 436.

The party opposing the fee award has the burden of challenging the reasonableness of any requested fee. *Id.* (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). However, "[t]he district court cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" *Id.*

Plaintiff has submitted an Appendix to the fee petition which includes affidavits from each attorney and its paralegal, attesting to the dates and hours worked on specific matters related to this litigation, and has provided additional documentation in the Appendix filed with her reply brief.

Defendant has raised a several objections to the number of hours worked as stated in the Plaintiff's submissions.

Defendant urges us to reduce the number of hours by half for all time prior to the decision of the Court of Appeals because counsel did not prevail on Colussi's claims, and then by another 75% because Plaintiff achieved only "limited success" on her own claims. We do not agree that the hours expended in litigation should be reduced by these amounts.

This action was originally filed on behalf of plaintiffs Dena Ferczak and Lori Colussi. After the Court of Appeals affirmed our grant of summary judgment as to Colussi, this case proceeded with Ferczak as the sole plaintiff. Our careful review of Plaintiff's submitted records convinces us that time counsel expended on Lori Colussi's case has been eliminated from the fee petition. Furthermore, their cases were interrelated; this is particularly true of discovery and matters leading up to and including the motion for summary judgment and oral argument before the Third Circuit. Until summary judgment was affirmed as to Colussi, this case proceeded as a one legal theory with the same facts: the basis of the EEOC charge and the complaint in this Court is that Defendant fired or laid off the only female funeral directors on its staff, on the same day,

but used different criteria for the decision in each case. We are satisfied that Plaintiff has redacted the time expended solely on Colussi's case. However, Plaintiff concedes that "a reduction is permissible for not prevailing on the interrelated claims of Colussi" up to the time of the Third Circuit's decision on summery judgment. (Pl.'s Reply Br. at 39). where a plaintiff has achieved partial or limited success, a court has the discretion to make a downward adjustment to the lodestar. *Hensley*, 461 U.S. at 436-37. In light of the lack of success on Colussi's claims, we will reduce the lodestar calculation by 10%.

We are not persuaded by Defendant's argument that fees should be reduced by an additional 75% because the Plaintiff achieved "limited success" on her own claims. It is clear to this Court that Ferczak not only achieved more than "limited success" on her gender discrimination claim: she prevailed. The jury found that Defendant had discriminated against her in violation of Title VII, and had done so with malice or reckless indifference to her civil rights. We need not reduce fees simply because the jury did not award compensatory or punitive damages. The size of a damages award does not imply limited success. *Davis v. Southeastern Pa. Transportation Authority*, 924 F.2d 51, 55 (3d Cir. 1991). Moreover, we note that after finding Defendant was liable, and had acted with recklessness and malice, the jury considered awarding damages in the context of testimony that Ferczak had been reinstated by the Defendant at a higher salary than she had previously earned, and that she had subsequently mitigated her damages. We reject Defendant's argument that we must reduce the lodestar on this basis.

Defendant further argues that the Plaintiff improperly seeks recovery for time spent in litigation that is excessive, redundant, or otherwise unnecessary. Defendant objects to four hours billed where both Cordes and Roman prepared Ferczak for her deposition testimony, while only Roman attended the deposition. This objection is without merit. Plaintiff's records show that the attorneys prepared Ferczak on separate days, and we find that their efforts were neither duplicative nor unreasonable.

Defendant also objects to the two hours time that Cordes and Black spent meeting with Robert Longo on November 29, 2006, during trial, and argues that Cordes' billing hours for this meeting should be struck. We are satisfied that under the circumstances of Longo's proposed testimony the presence of both Cordes and Black was neither excessive nor redundant. Black conducted Longo's direct examination. Counsel explains that Longo had been employed by Defendant, and had previously signed an affidavit at its request. Longo's counsel contacted Plaintiff's counsel about testifying, and his reliability was in question. We will not reduce the hours of either lead counsel or the attorney who would be examining the witness at trial on this basis.

Defendant further objects to any fees for the time paralegal McCabe-Ferita spent at trial, because attorney Black could have done the same work; the gist of Defendant's argument in this regard is that it did not have a paralegal at trial, but rather used a senior associate attorney to manage exhibits, and Plaintiff should have done the same. This argument is without merit, particularly because Ferczak's less senior attorney, John Black, actually examined and cross examined witnesses. Moreover, McCabe-Ferita performed legal research outside the courthouse during trial, which was important to Plaintiff's case. Plaintiff's use of a paralegal during trial was neither unreasonable, excessive nor in any way unnecessary, and provides no reason to reduce the number of hours expended on this case.

Finally, Defendant again contends that Cordes is billing for tasks which are normally performed by clerical staff or by attorneys whose hourly rate is less expensive. We have previously rejected this argument and need not address it further.

In conclusion, we have carefully reviewed the appendices submitted with Plaintiff's fee petition and with her reply brief, and are satisfied that they appropriately document the expenses and hours expended by each attorney and paralegal in this lengthy case. As reduced, we find these hours are reasonable, necessary, and not excessive, and

and Defendant has not met its burden of establishing otherwise. We explicitly reject Defendant's argument that the hours expended in this case should be further reduced.

## IV. Lodestar Calculation

As shown below, multiplying the number of hours by the hourly rates gives a lodestar computation of $132,313.35. The lodestar will be reduced by 10%, and we will award Plaintiff $ 119,082.02 in attorneys' fees.

| Attorney | Hourly Fee | Hours | Lodestar |
|---|---|---|---|
| Samuel J. Cordes | $ 350.00 | 251.55 | $ 88,042.50 |
| John E. Black, III | $ 175.00 | 148.05 | $ 25,421.25 |
| Mary Roman | $ 175.00 | 25.65 | $ 4,488.75 |
| Tiffany Waskowicz | $ 100.00 | 25.37 | $ 2,537.00 |
| Paralegal Lea Anne McCabe-Ferita | $ 80.00 | 147.80 | $ 11,824.00 |
| Lodestar Total<br>10% Reduction<br>**Total Fees** | | | $ 132,313.50<br>$ 13,231.35<br>**$ 119,082.15** |

## V. Costs and Expenses

In addition to reasonable attorneys' fees, Plaintiff is entitled to recover reasonable costs under 28 U.S.C. § 1920. Ferczak seeks costs in the amount of $8545.13.

Defendant objects that Plaintiff's fee petition includes $4,430.95 in overhead costs that should not be compensated, including online research expenses, as well as the cost of counsel's travel to argue at the Court of Appeals, $338.20, and that expenses should be reduced by these amounts. A plaintiff is entitled to recover litigation expenses that are not included as taxable costs under 28 U.S.C. § 1920. *Abrams v. Lightolier*, 50 F.3d 1204, 1225-26 (3d Cir. 1995). These expenses may include travel, as well as

computerized legal research where it is the local custom to bill clients for this expense. *Id.* at 1225. Plaintiff has submitted an exhibit from Kirkpatrick & Lockhart, LLP, which establishes that this Pittsburgh-based law firm bills its clients for actual use of legal databases. (Reply App. Ex. 12). Exhibit 12 also includes an document showing the WestLaw legal research charges incurred in this case; those expenses charged before February 12, 2006 are billed to both Colussi and Ferczak, and have been properly divided in half to reflect the fact that only Ferczak proceeded to trial; the remaining expenses are attributable only to Ferczak's case. We find that these expenses are permitted litigation expenses, as are counsel's travel expenses for the summary judgment motion before the Court of Appeals.

Defendant further argues that costs should be reduced by 50% to account for partial success. However, we find that the costs as documented are reasonable and necessary and not excessive. The documented costs before the Court of Appeals decision would not have been different if Ferczak had been the sole plaintiff.

Plaintiff has provided sufficient documentation of the costs requested, and we will grant her petition and award costs in the amount of $8,545.13.

**Conclusion**

For the reasons set forth above, we will grant Plaintiff's motion (Doc. 79) and award Plaintiff attorney fees in the amount of $119,082.15 plus costs in the amount of $ 8,545.13, for a total award of $127,627.28

An appropriate Order follows.

March 26, 2007
Date

Maurice B. Cohill, Jr.
Maurice B. Cohill, Jr.
Senior United States District Judge